Filed 8/23/22  In re E.L. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re E.L. et al., Persons Coming Under the Juvenile Court Law. | B318026 (Los Angeles County Super. Ct. No. 19CCJP05620A–B) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>R.H.,<br><br>    Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Ashley Price, Judge Pro Tempore. Conditionally affirmed and remanded with directions.

Karen B. Stalter, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, Acting County Counsel, Kim Nemoy, Assistant County Counsel, William Thetford, Deputy County Counsel, for Plaintiff and Respondent.

_____

R.H. (mother) appeals from an order terminating her parental rights over her children E.L. and A.M. pursuant to Welfare and Institutions Code section 366.26. She contends that the termination order should be conditionally reversed and remanded for compliance with the inquiry and notice requirements of the Indian Child Welfare Act of 1978 (ICWA; 25 U.S.C. § 1901 et seq.) and related California statutes (Welf. & Inst. Code, § 224 et seq.). No interested party filed a respondent's brief; instead, counsel for mother, minors, and the Los Angeles County Department of Children and Family Services (the Department) filed a joint application and stipulation for conditional affirmance and remand to the juvenile court for compliance with ICWA and the issuance of an immediate remittitur.

This case involves reversible error because the parties agree, and we concur, there was noncompliance with the inquiry requirements of ICWA and related California provisions. (*In re H.V.* (2022) 75 Cal.App.5th 433, 438; *In re Charles W.* (2021) 66 Cal.App.5th 483, 489.) The Department failed to inquire about

2

Indian heritage with any of the following: maternal uncles and maternal grandfather; two maternal aunts who cared for the minors during the dependency proceedings, one of whom was the prospective adoptive parent; and A.M.'s paternal cousin and paternal uncle who were living with the family at the time the children were detained. Further, the court did not ask father D.M., who submitted an ICWA-020 form, about any Indian heritage. After reviewing the entire record, we find that the statutory requirements set forth at Code of Civil Procedure section 128, subdivision (a)(8) for a stipulated reversal have been satisfied here. (*In re Rashad H.* (2000) 78 Cal.App.4th 376, 379–382.)

## DISPOSITION

The juvenile court's January 19, 2022, order terminating mother's parental rights under Welfare and Institutions Code section 366.26 is conditionally affirmed and remanded for proceedings required by this opinion. The court shall order the Department to make reasonable efforts to interview at least father D.M. and available extended paternal relatives about the possibility of the children's Indian ancestry and to report on the results of the Department's investigation. Nothing in this disposition precludes the court from ordering additional inquiry of others having an interest in the children. Based on the information reported, if the court determines that no additional inquiry or notice to tribes is necessary, the order terminating mother's parental rights is to be reinstated. If additional inquiry or notice is warranted, the court shall make all necessary orders to ensure compliance with ICWA and related California law.

3

The remittitur shall issue forthwith.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

We concur:

BAKER, Acting P. J.

MOOR, J.

4